## WARNER VS. HUNT.

*Replevin — Form of Verdict.*

1. Where the complaint in replevin alleged that plaintiff was the owner and lawfully entitled to the possession, the answer, after a general denial, averring that defendant legally detained the property as poundmaster and had a lien upon it for a certain sum, the jury found that plaintiff was not lawfully entitled to the possession, and that defendant did not unlawfully detain, but was entitled to the possession, and they assessed the value. *Held,* that the verdict was fatally defective in not finding who was the general owner, and what was the value of defendant's special property.

2. Plaintiff having obtained possession on commencing the action, the judgment upon a proper verdict, in case a return could not be had, should be that defendant recover, *not* the full value of the chattel, but merely the value of his special property therein.

APPEAL from the Circuit Court for *Sauk* County.

Replevin for the recovery of a cow. The action was begun by the appellant under chapter 120 of the revised statutes, before a justice of the peace, and judgment was rendered for the respondent, from which an appeal was taken to the circuit court, where the cause was tried, and a verdict found and judgment

rendered for respondent, from which judgment an appeal was taken to this court. The essential facts necessary to an understanding of the case, sufficiently appear in the opinion.

*N. W. Wheeler* and *William Brown*, for appellant.

*Clark & Remington, contra.*

COLE, J. This action was commenced in a justice's court for the recovery of a cow. After judgment in the justice's court, the plaintiff removed it by appeal to the circuit court, where it was tried on the issues found in the court below. In the affidavit for the warrant, the plaintiff stated that he was the owner and lawfully entitled to the possession of the cow, which was of the value of $50, and that the same was unlawfully detained by the defendant, as pound-master of the village of Baraboo. The defendant, in his answer, denied each and every allegation of the complaint, and gave notice that he had a lien on the cow of $2.50, as pound-master, and that the cow was legally detained by him, as such pound-master. The jury found for the defendant, that the plaintiff was not lawfully entitled to the possession of the property; that the same was not wrongfully detained by the defendant; that the defendant was entitled to the possession thereof; and assessed the value at $40, and damages for the detention, one cent. Upon this verdict there was judgment that the defendant have a return of the property, which had been delivered to the plaintiff; or if a return thereof could not be had, that the defendant recover from the plaintiff the value thereof, assessed at $40, and one cent damages and costs of suit.

It is now insisted on the part of the plaintiff, that the verdict and judgment are erroneous, because they leave undetermined the question of the ownership of the cow, which was a material issue. There can be no doubt, we think, about this objection being well taken.

The affidavit, which is the complaint in the ,action (sec. 141, chap. 120, R. S.) states that the plaintiff is the owner of the

cow. The answer denies this, and in effect alleges that the defendant has a special property in the cow, amounting to $2.50. The verdict is entirely silent upon this issue, leaving the question of this special property, as well as the question of general ownership, undisposed of. This is a fatal defect in the verdict, as this court has already decided. *Child v. Child*, 13 Wis., 19; and *Appleton v. Barrett*, 22 do., 568. This case, as forcibly as any which could be presented, shows the reasonableness and necessity of the rule requiring the verdict to dispose of the question of title, when that is put in issue by the pleadings. The defendant here only claims a special property in the cow of $2.50. And he has a judgment not only for the return of the cow to his possession, but if such return cannot be had, for the entire value of the cow as assessed by the jury at $40. Suppose the cow is dead or has been lost without the fault of the plaintiff, so that a return thereof is impossible, must the plaintiff pay the defendant its value, while it may be true that he is the general owner, and that the defendant has only a lien upon the property to the amount of $2.50, as legal charges for impounding and keeping it? It seems to us that the mere statement of the proposition is sufficient to show the substantial defect in the verdict and the error in the judgment. The jury should have passed upon the questions of the general and the special property in the case, as well as the other issues made by the pleadings. It is said on the brief of the counsel for the defendant, that the title to the property, independent of the right of possession, was not and could not be in issue. That it was in issue in this case, an examination of the pleadings will abundantly demonstrate. Being in issue, the well settled doctrine of this court required that it should be disposed of by the verdict of the jury. If the defendant had a claim upon the cow for any legal charges as poundmaster, the jury should have determined what it was. Section 151, chap. 120, R. S. *Booth v. Ableman*, 20 Wis., 21. And the jury should have found too whether the plaintiff owned the cow subject to this lien. In

that case, if the cow could not for any reason be returned to the defendant, he would only have judgment for the amount of his interest in the property, and not for its entire value.

This view of the case renders it necessary that there be a new trial, which is awarded.

*By the Court.* — New trial awarded.