HOLT v. VAN EPS.

*1. CHOSES IN ACTION:* CONVERSION: MEASURE OF DAMAGES. The legal presumption is that choses in action are worth the amount of principal and interest indicated on the face of the instrument at the time of conversion, and that amount with legal interest thence to the trial is *prima facie* the measure of damages.

*2.* ———: PRESUMPTION OF VALUE: HOW REBUTTED. It is incumbent on defendant to show in reduction of damages the fact of payment in whole or in part; the inability of the maker to pay wholly or partially; a release of the maker from his undertaking; the invalidity of the instrument, or other matters which would legitimately affect or diminish its value.

Holt vs. Van Eps.

*3. NONSUIT:* WHEN DENIED: RIGHTS OF PLAINTIFF. A peremptory non-suit cannot, in this Territory, be ordered against the will of the plaintiff. He has a right by law to a trial by jury, and to have the case submitted to them. He may agree to a non-suit, but if he does not so choose, the court cannot compel him to submit to it.

*4. PERSONAL PROPERTY:* ACTION TO RECOVER: DAMAGES. The jury, in the trial of an action for the recovery of specific personal property, may give the plaintiff not only actual damages for the detention, but if the defendant has been guilty of fraud, malice or oppression, may also award exemplary damages for the sake of example, and by way of punishing the defendant.

*5. VERDICT:* JUDGMENT: INVALIDITY. In an action for the recover of specific personal property, where the ownership is put in issue by the pleadings, the jury returned the following verdict: "We, the jury, find that the plaintiff is entitled to the possession of the property, and find its value to be $650, and assess his damages to be $75." *Held,* that the jury having failed to pass on all the issues, to-wit: that of ownership, no valid judgment could be entered on the verdict.

*6. ———: ———: ———.* A verdict which finds but part of the issues, and says nothing as to the rest, is insufficient, because the jury have not tried the whole issue, and is not sufficient to sustain a judgment.

*7. PRACTICE:* ERROR OF RECORD: WHEN FIRST URGED. When a judgment is rendered upon an insufficient verdict, all the material issues not having been passed upon and disposed of by the jury, the error may be urged for the first time in the supreme court.

## *Appeal from Minnehaha County District Court.*

THE plaintiff brings this action for the recovery of certain specific personal property. Jury trial. Verdict and judgment for plaintiff. Defendant appeals. The further facts necessary to an understanding of the points decided are fully stated in the opinion.

*Bartlett Tripp,* and *S. W. Packard,* for appellant.

This was an action under the code for the claim and delivery of personal property. The plaintiff in his affidavit averred that he was " the owner " of the property which he sought to recover, not that he had "a special property therein." After issue was joined, the jury returned the following verdict:

" We, the jury, find that the plaintiff is entitled to the possession of the property, and find its value to be $650.00, and assess his damages to be seventy-five dollars.

W. H. RICHARDS,
Foreman."

Whereupon the defendant made a motion to set aside the verdict, which the court overruled, and the defendant duly excepted. Upon this verdict the following judgment was rendered: "That the plaintiff recover of the defendant the possession of the personal property described in the complaint, or $650 in case a delivery of said property cannot be had, and also that he recover seventy-five dollars damages, together with $8.38 costs, amounting in the whole to $83.38." From this judgment and the order of the court denying the motion for a new trial, the defendant appeals.

1.   The court erred in refusing to allow the defendant to ask the following question of the plaintiff on cross-examination: *Question*—"What is the market value of these notes, payable to your order, without your endorsement, in the market at Sioux Falls, at the time this suit was commenced? "

2.   The court erred in overruling the defendant's motion to non-suit the plaintiff.

3.   The court erred in overruling the defendant's motion to set aside the verdict because the same is against the law and the evidence.

A gratuitous depository or bailee can only be made liable for the loss of the property by showing that he has been guilty of gross negligence. (Civil code, §§ 927 and 929; 2 Kent Comm. 11th Ed., top 750, side page, 560; Story on Bailments, 8th Ed., § 62, and cases there cited.

"The accidental loss or destruction of a bill of exchange by the drawee, to whom it has been presented for acceptance, is not a conversion." (*Salt Springs Nat. Bank v. Wheeler*, 48 N. Y., 492.) Held, in the same case, that a demand and a refusal to deliver do not constitute a conversion, when at the time of the demand the property in question is not in existence. To same effect, see 13 Fla., 501.

"This action is based upon a wrongful detention of the property, and such wrongful detention must exist at the commencement of the suit." (2 Estee's Pl. and Pr., 210, § 84, citing *Savage v. Perkins*, 11 How. P., 17, 23. See also Abbot's Forms, Ed. of 1875—page 510 in note "N", citing same case as above in 11 How. 17.) The complaint in this case did not authorize

anything but nominal damages. At common law the plaintiff was required to plead specially, in order to recover any damages which were not the necessary result of the act complained of, though they might be the natural consequences oi the act. (2 Greenlf. Ev , 10th Ed.; § 254, on pages 236–7–8, and cases there cited; 1 Chitty's Pleading, 14th Am. Ed., 396.) In Mayne on Damages (Ed. of 1872) page 296, it is said in speaking of the action of Trover: " Special damages may be recovered in this form of action *if laid, but not otherwise.*" And on page 308, in speaking of the action of Detinue, it is said: "The rules as to assessing the value of the goods, damages for the detention, etc., are just the same as in Trover." To the same effect, see also Sedgewick on damages, 4th Ed., top page 549, side page 475, and in notes and the cases there cited.

But whatever may be the rule at common law, we submit that under our code of procedure which requires .(§ 95) the complaint to state the facts, the plaintiff is bound to apprise the defendant if he claims damages, how they accrued, and what they consist of. The rule of the common law practice is changed by the new codes of procedure, which require the statement of the actual facts, and not merely the averment of their legal effect. (Sedgewick on Damages, top page 685 in note 2, citing *Gurney v. Fowler*, 4 Sandf., 665.) Next we insist that even if the plaintiff had made proper averments in his complaint, still he was not authorized in this case, under the evidence, to recover anything but nominal damages. The question of exemplary damages cannot arise in this case, because there was no fraud, oppression or notice.

The value to be accepted as a substitute for the property (under section 214 of the code of procedure) is the value at the time of trial, and the damages are such as arise from the loss of use, or from depreciation. (Wait's anntd. code 519 in note "B" and page 464 and 465 in note "E", citing *Brewster v. Sillinean*, 38 N. Y., 423; *Young v. Willett*, 8 Bosw. 486.) "In replevin of securities for the payment of money bearing interest, a verdict for the defendant will entitle him to nominal damages only where it does not appear that he has sustained actual loss. (*Bartlett v. Brickett*, 14 Allen [Mass.] 62.)

Section 1863 of the Civil Code provides the rule of damages in actions for the *conversion* of personal property and *not* in actions for the recovery of the property in specie. First, because the word " conversion " *ex vi termini* confines the provision to actions of Trover. Second: The next section—1864 —shows conclusively that the section in question only applies to actions of Trover, because it says expressly that the subsequent application of the property for the benefit of the owner without his consent shall not repel the presumption that the plaintiff's damages are the highest market value of the property between the conversion and the verdict, or if he elect, the value of the property at the time of the conversion and interest from that time to the trial.

But in this amalgamated action under the code for the recovery of the possession of the property, the gist of the action is the recovery of the goods in specie; the defendant has the option of restoring the goods, and even after judgment that option remains in him and can be exercised by restoring the goods. And a judgment is erroneous which does not give him that option. (*Carson v. Applegarth*, 6 Nev., 187; *McNamara v. Eisenloff*, 14 Abb. Prac. (N. S.) 25; *Dwight v. Enos*, 5 Selden (N. Y.) 470; *Fitzhugh v. Winner*, ibid, 559; *Rockwell v. Saunders*, 19 Barb., 473; 2 Nash Pl. and Prac., 833, and cases there cited; *Ragus v. Bradford*, 8 Bush. (Ky.) 163.) And as the recovery of the property in specie is the object of the action, it fails altogether if the defendant before suit either return or offer to return the goods. In such a case the plaintiff cannot recover *any* judgment against the defendant even for costs. And as the damages for the detention of the property are an *incident* to the action they fall with the action itself. In such a case if the plaintiff would recover damages sustained by him in keeping the goods he must resort to another action of a different character such as Trover or Case. (Wait's Annotated Code, 371, in notes " H " and " K," and cases there cited, being the following: (*Christie v. Corbet*, 34 How. 19; *Spalding v. Spalding*, 3 ibid, 297; *Daws v. Green*, 3 How, 377; *Savage v. Perkins*, 11 How, 17, 23.) The court erred in refusing to set aside the verdict, and also in rendering judgment because the jury failed to find upon the issue of prop-

erty in the plaintiff. The denial in the answer of any knowl-
edge or information sufficient to form a belief, was a proper
way of forming an issue. (Code of Procd., § 102; Code of
Procd., § 121; Wait's Ann. Code, 242 and 311; Wait's Ann.
Code, 243 in note " F," and 244 in note " K," and the cases
there cited; 1 Archibald's *Nisi Prius*, 486; 2 Chitty's Procds.,
492; 6 Robinson's Prac., 514, 515 and 516, and the cases there
cited; 2 Nash Pl. and Pr., 834 and 483, and cases there cited.)
The issue being properly made it was the duty of the jury to
pass upon it, and their omission to do so is ground for re-
versal. (See 1 Archibald's *Nisi Prius*, 115, 116 and 117; Wait's
Ann. Code, 264 and 464 in note "B," and cases there cited.)
This section is the same as 260 of the New York code. See
Wait's Ann. Code, 264; and it has been there held that the
requisites of a special verdict under the code are the same as
prior to the code. See Wait's Ann. Code, 264, note " B."
(*Welbaum v. Wellers*, 7 Abb., 90.) It may be stated as a gen-
eral universal rule that juries by their verdicts must respond
specially to all the issues made by the pleadings; and that
if they omit one, their verdict will be set aside, or if judg-
ment be rendered thereon it will be erroneous. (*Levan v.
Rays*, 4 Wis., 50; *Hambleton v. Dumpey*, 20 Ohio, 168; *Let-
tler v. Alison*, 8 Geo., 201; *Van Benthuysen v. De Witt*, 4 John.,
212; *Car v. Stevenson*, 5 Humps., 636; *Jewitt v. Davis*, 6 N. H.,
518; *Patterson v. U. S.*, 2 Wheaton, 221; *Garland v. Davis*, 4
How. (U. S.) 131.) A special verdict must contain all the facts
upon which the judgment of the court must rest; nothing is
to be taken by implication or intendment when there is a
special verdict, but whatever is not found in it is not sup-
posed to exist. (*Berks & Co. v. Pile*, 18 Penn. St., 493; *Pitts-
burg R. R. Co. v. Evans*, 53 Penn. St., 250; *Thayer v. The Soci-
ety of U. Brethren*, 20 Penn., 8 Harris 60.) A special verdict
must expressly present all of the material facts, so that noth-
ing shall remain for the court but to draw from them the con-
clusions of law. (*Knickerbocker Mining Co. v. Hall*, 3 Nev.,
194; *Loch v. Church*, 10 Ohio (N. S.) 48; *Runge v. Dawson*, 9
Wis., 246.) " No fact not stated in the special verdict can be
inferred from the facts found." (*Phillips v. Hill*, 3 Texas, 397;

*Garland v. Davis*, 4 How. (U. S.) 131.) "A verdict is bad, if it varies from the issues in a substantial manner, or is found on only a part of that which is in issue." (*Patterson v. U. S.* 2 Wheat., 221; *Bennett v. Watson*, 1 Mich., 272; *Middleton v. Quigly*, 7 Holst., 352.) The general rule is that the verdict must comprehend the whole issue or issues submitted to the jury in the particular case, otherwise the judgment founded on it will be reversed." *Tompkins v. Carey*, 14 Geo., 116.) The omission of the jury to pass upon the question of property in the plaintiff did not authorize the court to enter judgment in manner and form as entered, viz.: that the defendant be required to pay the plaintiff the *full value* of the property in case the property itself could not be delivered. And because of the error of the clerk of the court (see section 217 of Code of Civil Procedure) in not entering "the judgment in conformity with the verdict," it is the duty of the appellate court to reverse the judgment. The judgment if "in conformity to the verdict" would simply have required the defendant to deliver the possession of the property to the plaintiff and pay him $75 damages and the costs of suit. The jury not having found that the plaintiff was the owner of the property, the judgment is not in conformity to the verdict in treating him as owner and requiring the defendant in default of delivering the property to pay the plaintiff the full value of the same. The verdict is defective and does not find all the issues for the plaintiff, and if any judgment can be rendered on it, certainly only one, in "conformity with the verdict," which would be defective in not giving the plaintiff the value of his possessory interest in the property in case a delivery thereof could not be had. (*Child v. Child*, 13 Wis., 17; *Warner v. Hunt*, 30 Wis., 200; *Appleton v. Barrett*, 22 Wis., 568; 2 Greenlf. Ev., § 563, and cases there cited; 3 Phillips Ev. in Cowen, Hills, and Eden's notes, side page 491 in note 1076, and cases there cited; *Sprague v. Kneeland*, 12 Wend., 16, and the cases there cited; *Brynton v. Page*, 13 Wend., 425; *Dermot v. Wallach*, 1 Black (U. S.) 96; *Patterson v. U. S.*, 2 Wheat. (U. S.) 221, and cases there referred to; *Garland v. Davis*, 4 How. (U. S.) 131, and cases quoted from in the opinion of the court.) Because

there may be sufficient evidence in the record to have justified the jury in finding on the issue of property in the plaintiff does not help the matter any. (*Garland v. Davis*, 4 How. (U. S.) 131 and the cases cited in the opinion of the court, especially the case in 11 Wheat.) And this error in the record can be raised for the first time in the appellate court. (*Garland v. Davis*, 4 How., 131, and the cases cited there in the opinion of the court; *Child v. Child*, 13 Wis., 17; *Warner v. Hunt*, 30 Wis., 200; *Appleton v. Barrett*, 22 Wis., 568; 3 Phillips Ev. top page 412, side page 491 in note 1076, and cases there cited; *Brynton v. Page*, 13 Wend., 425, where the case went up on writ of error.) The question of whether the plaintiff was or was not the owner of the property was and is a material issue in this case for the defendant to have disposed of. (*Dermott v. Wallach*, 1 Black (U. S.) 96; *Child v. Child*, 13 Wis., 17; *Warner v. Hunt*, 30 Wis., 200.)

*M. Grigsby*, for appellee.

In replevin, when the taking is illegal, no demand is necessary. (Hilliard on Remedies for Torts, 90, § 52.) Evidence should not be admitted as to the value of the property if the answer does not deny the allegations of the complaint thereon. (Ibid, 93, § 60.) Where the property sued for is a bill, note, bond, or other security for the payment of money, the measure of damages is the amount of the debt of which the paper is the evidence. (Ibid, 670, §§ 1 to 7; Sedgwick on Damages, 609 and 610, and notes; also Civil Code, § 1875.) A new trial will not be granted for the reason that the verdict is not in accordance with the evidence, when there was any evidence in the court below to support the verdict. (18 Wis., 594; 4 Wis., 135.) "So, in Indiana, in a suit to recover personal property, where one defendant claims title and the other disclaims title and possession; a finding, 'that the possession of the property mentioned in the complaint be given to the plaintiff,' is equivalent to finding the property in the plaintiff, and that he is entitled to the possession." (Hilliard on Remedies, 96, cites *Robertson v. Cadwell*, 9 Ind., 514.) Same page: "Where the defendant pleads property in himself and others, repre-

sentatives. of A, property in B, and also property in himself alone, and issues are joined; a verdict on the first plea alone, disregarding the other is sufficient." (Cites *Ramsey v. Waters*, 1 Miss., 406.) " So where the defendant pleaded, 1st, *non cepit;* 2d, an avowry, averring the goods taken to be his property; to which the plaintiff replied, and took issue, etc.; and the jury found a general verdict for the plaintiff on the issue of *non cepit,* without any finding as to the other issue; judgment was given according to the verdict." (Cites *Thompson v. Button,* 14 Johnson, 84.) In the case of *Rouge v. Dawson,* 9 Wis., 246, which was a case in replevin, Judge Dixon, after laying down the rule " that juries must, by their verdicts, respond specifically to all the issues made by the pleadings," and citing authorities to support it, uses this language: " The only exceptions to this rule are in those cases, sometimes found in the books, where there are immaterial as well as material issues joined, and the jury finding upon the latter omit to pass upon the former; and in cases where the verdict in form is only upon one of the issues, but where in finding it they indirectly, though not in terms, pass upon the others. In the first class of cases it is very obvious the determination of the material issues, being alone sufficient to settle the rights of the parties, that the verdict or judgment would not be disturbed. In the latter they are regarded more in the nature of defects in form than substance, and the courts will disregard the omission, or mould the verdict into form, so as to give effect to the intention of the jury; *ut res magis valeat quam pereat.* Of this description are *Hawks v. Crofton,* 2 Burr., 698; *Hodges v. Raymond,* 9 Mass., 316; *Thompson v. Button,* 14 Johnson, 84; and *Hanna v. Mills, et al.,* 21 Wend., 90. From Graham on New Trials I quote the following: " It has long been well settled, that the courts will give validity to verdicts when they perceive the substance of the issue to be contained in the verdict, however rude or informal the finding of the jury may have been expressed. In the language of Ch. J. Hobart, 'the court will work the verdict into form and make it serve.' (Cites Hob. 54, Co. Litt. 227; Burr., 698; 5 Burr., 2662.) For verdicts are to have a reasonable in

tendment, and to receive a reasonable construction, and are not to be avoided unless from necessity, originating in doubt of their import, or immateriality of the issue found, or their manifest tendency to work injustice." (Cites 6 Com. Pleader, §§ 26, 31, 32 and 33, 1 Chit Arch , 310; Gra. Prac.; 534, 536.) To the same effect see Cooley's Blackstone, 2 Vol., 391. In regard to the point as to whether a defect in the form of the verdict can be raised for the first time in Supreme Court I can find no authority except the notes to Voorhies Code. In one of the Wisconsin cases, cited by counsel for appellant, exceptions to the verdict were taken in the court below, but it does not appear in any of the other Wisconsin cases cited how the form of the verdict was brought before the court.

SHANNON, C. J.—The defendant is the appellant. This is an action to recover the possession of personal property under chapter II, title VII, part II of the code of civil procedure, commonly termed replevin. The plaintiff, at the time of issuing the summons, made the requisite affidavit, claiming the immediate delivery of the property. In it he avers that he is now the owner and entitled to the immediate possession of one note and mortgage from William Holt to himself for $200, at ten per cent. interest, dated January 1, 1874, of the value of $224; one note given by F. Raymond to him, for $255, dated Jan. 17, 1874, and due Jan. 17, 1875, bearing interest at the rate of ten per cent., and of the value of $285.45; a final receiver's receipt issued to him for certain land, fully described, of the value of $200; one note from C. V. Borth to him, of the value of $54.60; one pass book containing accounts of sheriff's fees due him, of the value of $50; a Minnehaha county warrant, No. 13, of the year 1874, of the value of $20; a Minnehaha county warrant, No. 97, of the year 1873, of the value of $30; and a warrant of Lincoln county, D. T., worth $55. The affidavit further shows that said property is wrongfully detained by the defendant, sets forth the alleged cause of the detention, asserts that it has not been taken for a tax, assessment or fine, pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff, and concludes

by stating the actual value to be $919.05. The affidavit was regularly indorsed (under section 161) and delivered to the sheriff, who made return that after due and diligent search, he was unable to find the property.

The amended complaint, like the affidavit, alleges the ownership to be in the plaintiff. It declares that on the 9th day of January, of 1875 (the day of the alleged wrongful taking) the plaintiff *was the owner* and lawfully possessed of the said property, and that it was then and ever since has been *his property*. It concludes with the usual demand for judgment against the defendant for the recovery of the possession of the property, or for the sum of nine hundred and nineteen dollars and five cents, the value thereof, in case a delivery cannot be had, together with two hundred dollars damages and costs.

The answer, controverting the material allegations in the complaint, and raising the issues of fact to be tried by the jury, is as follows: First, it admits that the two Minnehaha county warrants were given to the defendant by the plaintiff, and impliedly, of course, that the defendant has them, and detains them; but it alleges that they were given to the defendant as collateral security, to secure a portion of an indebtedness from the plaintiff to the defendant, which indebtedness has not been paid. Here arises a first issue, as to a small portion of the property. Secondly, as to the residue of the property claimed, and upon the direct and material question of its ownership, the defendant answering, says, " that " in regard to the plaintiff being the owner of the other goods " and chattels, the defendant has not sufficient knowledge or " information thereof to form a belief." This, under our statute (section 102 of Code of Civil Procedure) is equivalent to a denial of ownership, or property, in the plaintiff, as to the other property; and it raised a material issue to be passed upon by the jury. Thirdly, the answer further denies that, as to the other property, the defendant has ever had it in his possession—that he has ever taken or detained it—that the plaintiff ever demanded it from him, and finally denies each and every other material allegation in the complaint.

The issues of fact thus arising in this action, having been duly brought on for trial before a jury, the following verdict was rendered, to-wit: " We, the jury, find that the plaintiff is entitled to the possession of the property, and find its value to be $650, and assess his damages to be $75."

There was a motion on the part of the defendant, that the verdict be set aside, for reason of the admission of improper testimony, and that it is against the evidence; which motion having been denied, judgment was entered that the plaintiff recover of the defendant the possession of the personal property described in the complaint, or $650, in case a delivery of said property cannot be had; and also that he recover seventy-five dollars damages, together with $8.38 costs. The appeal is from the order denying the motion for a new trial, and from the judgment of the District Court.

In the course of the trial below, the plaintiff having been on the witness-stand and under cross-examination, was asked the following question: " What is the fair market value of " those notes payable to your order, without your indorse- " ment, in the market at Sioux Falls, at the time this suit " was commenced?" To this question the plaintiff's counsel objected, and the objection was sustained by the court; to which ruling the defendant's counsel duly excepted, and this is the first assignment of error.

Before our statute on the subject, in actions of Trover, or for the wrongful conversion of notes, the rule was well understood to be that the amount appearing to be unpaid upon the note, of principal and interest at the time of the conversion, and the interest upon that aggregate from thence to the trial, was *prima facie* the measure of damages. (See *Decker v. Matthews*, 12 N. Y., 313; 7 Porter (Ala.) 466; *Mercer v. Jones*, 3 Camp., 477; *Evans v. Kymer*, 1 Barn. and Adol., 528; *Allen v. Swydam*, 20 Wend., 321, 355.) In 2 Greenleaf on Evidence, section 276, it is said that in Trover, " where the subject is a written security, the damages are usually assessed to the amount of the principal and interest due upon it." (See also ibid, § 649.)

The defendant had the right to show in reduction, the fact of payment in whole or in part, the inability of the makers to pay wholly or partially, a release of the makers from their undertaking, the invalidity of the note, or other matter which would legitimately affect or diminish its value. (See *Kennedy v. Strong*, 14 J. R., 128; *Cortleyon v. Lansing*, 2 Caines Cas., 199, 215.)

It is not in accord with common observation, that always the value of a note is the amount at which it proclaims itself. Yet it is often so; perhaps more often than otherwise. So, as the rule of damages should be fixed and uniform, the current of the *dicta* of learned judges, from earlier to later times, was to allow the amount for which the note reads to be taken as its *prima facie* value; but to let the defendant be at liberty to show that which affected it and reduced its value. And formerly, in the action of replevin, there were contingencies which would force the same issue—the value of the note. (*Ingals v. Lord*, 1 Cowen, 240; *Tilden v. Brown*, 14 Vermont, 164; 10 M. & W., 576.)

Accordingly our Civil Code, section 1875, properly prescribes that "for the purpose of estimating damages, the value of a thing in action is presumed to be equal to that of the property to which it entitles its owner." The question in this case was not, therefore, the market value of the notes at Sioux Falls, or other place, at the time the suit was commenced. The legal presumption is that they were worth the amount of principal and interest indicated on their face: and it was incumbent on the defendant to rebut that legal presumption in some of the modes above recognized and well established. There was, consequently, no error in the ruling of the court, upon this point.

The plaintiff having rested his case, defendant's counsel moved for a nonsuit, "on the ground that the property came peaceably into defendant's possession, and no demand had ever been made for the same;" which motion was denied by the court, and defendant duly excepted; and this forms the second assignment of error.

Upon every principle, the nonsuit was properly refused; but especially upon the ground that a peremptory nonsuit cannot, in this Territory, be ordered against the will of the plaintiff. Marshall, C. J., in the case of *Elmore v. Gryme*, 1 Peters, 469, remarked, " that the court has had the case under consideration, and is of opinion that the Circuit Court had no authority to order a peremptory nonsuit, against the will of the plaintiff. He had a right by law to a trial by jury, and to have had the case submitted to them. He might agree to a nonsuit, but if he did not so choose, the court could not compel him to submit to it."

In the case of *Dewolf v. Rabaud*, also in 1 Peters, 476, Mr. Justice Story, in delivering the opinion of the court, said, that " after the evidence for the plaintiff was closed, the defendant moved for a nonsuit, which motion was overruled. This refusal, certainly, constitutes no ground for reversal in this court. A nonsuit may not be ordered by the court upon the application of the defendant, and cannot, as we have had occasion to decide at the present term, be ordered, in any case, without the consent and acquiescence of the plaintiff." And in *Crane v. The Lessee* of Morris, 6 Peters, 598, the same doctrine is reiterated, and declared not open for controversy.* (See *Hyde v. Barker*, 1 Pinney, 305; *Baxter v. Payne*, ibid, 501.)

---

*Since this case was decided, the Supreme Court of the United States has had the question before them, and in the case of *Commissioners of Marion County v. Clark*, 4 Otto, 278, that court lays down the doctrine, that " judges are no longer required to submit a case to the jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury to proceed in finding a verdict in favor of the party introducing such evidence." Citing Law Rep., 4 Exch., 39. They further say: " Decided cases may be found where it is held that, if there is a *scintilla* of evidence in support of a case, the Judge is bound to leave it to the jury; but the modern decisions have established a more reasonable rule, to-wit: that before the evidence is left to the jury, there is or may be in every case a preliminary question for the Judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed." Citing Law Rep., 2 Priv. Council Apps., 335; *Improvement Co., v. Munson*, 14 Wal., 448; *Pleasants v. Fant*, 22 ibid, 120; *Parks v. Ross*, 11 How., 373; *Merchants Bank v. State Bank*, 10 Wall., 637; *Hickman v. Jones*, 9 ibid, 201.                REPORTER.

As to the question of damages, the Civil Code, section 1832, provides for actual or compensatory damages to every person who suffers detriment from the unlawful act or omission of another; and such damages may be awarded, in any judicial proceeding, for detriment resulting after the commencement of the action, or certain to result in the future. The damages referred to, in an action to recover the possession of personal property, in section 228 of the Code of Civil Procedure, are actual damages, to wit: for the detention. But this later enactment does not abrogate section 1839 of the Civil Code, (the earlier law) which declares that "in any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

There was, then, no error in the course of the trial in the District Court. But here, in this court, we have been confronted by an objection, unheard of in any stage of the proceedings below, that it is patent the verdict is so insufficient that no judgment could be rendered upon it.

In *Patterson v. United States*, 2 Wheat., 222, the Supreme Court laid down the principle, that "a verdict is bad, if it varies from the issue in a substantial matter, or if it find only a part of that which is in issue. The reason of the rule is obvious; it results from the nature and the end of the pleading. Whether the jury find a general or a special verdict, it is their duty to decide the very point in issue; and although the court in which the cause is tried may give form to a general finding, so as to make it harmonize with the issue, yet if it appears to that court, or to the appellate court, that the finding is different from the issue, or is confined to a part only of the matter in issue, no judgment can be rendered upon the verdict." This doctrine was again enunciated by that court, in *Downey v. Hicks*, 14 H., 246.

A verdict which finds but part of the issue and says nothing as to the rest, is insufficient because the jury have not tried the whole issue. A special verdict which does not find

the facts, but only the evidence of them, is imperfect, and no judgment can be rendered thereon, and a *venire de novo* must be awarded. (*Prentice v. Zane's Admr.*, 8 How., 661; *Barnes v. Williams*, 11 Wheat., 416.)

A special verdict is set out in 6 Cranch, 268, *Ches. Ins. Co. v. Stark;* and Marshall, C. J., stating that a certain fact was found defectively, for that reason directed a new trial. The court can render no judgment on an imperfect verdict, or case stated. (*Graham v. Bayne*, 18 How., 60; *Norris v. Jackson*, 9 Wall., 125; 1 Wall., 99.)

In the case before us, the complaint alleges property and right of possession in the plaintiff; the answer traverses directly these allegations. The fact of absolute ownership is maintained by one party and controverted by the other, and the issue thus formed was a material one. For by our statute, where a party claims a delivery of personal property, he must make affidavit to one of two things—either, first, that he is the owner of the property; or, secondly, that he is lawfully entitled to the possession thereof by virtue of a special property therein, the facts in respect to which he shall set forth.

Moreover, the plaintiff, in the complaint itself, avers this absolute ownership, which is denied. In an action for the recovery of specific property, if the property have not been delivered to the plaintiff, as in this case, and the jury desire to render a verdict for the plaintiff, they should say—first, that they find for the plaintiff, or, what is better, that they find a verdict, upon all the issues of fact, for the plaintiff; and then, secondly, they must proceed in addition to do what our law enjoins on them, to-wit: " the jury shall assess the value of the property * * * and may at the same time assess the damages * * * which the prevailing party has sustained by reason of the detention or taking, and withholding such property." (Code Civ. Pro., 214.)

The following is in New York, the recognized form of a verdict for the plaintiff in an action for chattels, (replevin) to-wit: " This action being brought to trial before a jury, they

find a verdict, upon all the issues of fact, for the plaintiff, and assess the value of the property at......dollars, and the plaintiff's damages by reason of the detention of the property at......dollars." (2 Abbott's N. Y. Forms, 462.)

In 2 Greenleaf on Evidence, section 561, it is said that "where the issue raises the question of title, the plaintiff must prove, that at the time of the caption he had the general or a special property in the goods taken, and the right of immediate and exclusive possession." "If the general issue is simply *non cepit*, that admits the plaintiff's title." (§ 562.)    But in section 563, "if the defendant, besides the plea of *non cepit*, also pleads property, either in himself or a stranger, and traverses the right of the plaintiff, the material inquiry will be as to the property of the plaintiff, which the plaintiff must be prepared to prove, the *onus probandi* of this issue being on him; for if the former issue is found for him, but the latter is either not found at all, or is found for the defendant, the plaintiff cannot have judgment."

In *Bemus v. Beckman*, 3 Wend., 667, it was held that if the jury summoned to try such an issue, merely find that the property is not in the defendant, or that it is in a stranger, without finding whether it is or is not in the plaintiff, the verdict will be immaterial, and a judgment on it erroneous.   (See 1 Smith's Leading Cases, 405.)

Also in 3 Phillip's on Evidence, 412, note 1076, it is stated that where, besides the plea of *non cepit*, defendant pleads property in a third person, the jury *must* pass upon both issues, otherwise judgment will be reversed.    The true character, therefore, of the pleas in replevin, commonly described as pleas of property, in the defendant or in a stranger, is, that of a broad traverse of the property of the plaintiff. (See *Boynton* v. *Page*, 13 Wend., 425; 12 Wend., 161; 1 Black, (U. S.) 96; *Couch v. Martin*, 3 Blackford, 256; *Huff v. Gilbert*, 4 Blackford, 19; 25 Ark., 183.)

But the case of *Child, et al. v. Child*, in 13 Wis., 17, furnishes a parallel to the one before us.   There it was replevin, and the verdict was that the plaintiff was entitled to the possession of the property described in the complaint, and like-

wise found the value thereof, and assessed the damages for the detention. There, too, the complaint alleged that the plaintiff was the owner of the property which the defendant unlawfully detained, and upon the general plea of "not guilty," the jury found as above, not passing upon the question of title to the property. It was held that the verdict was defective in substance, and a new trial was awarded. Cole, J., in delivering the opinion, said—" when the plaintiff alleges title in himself, that becomes an issue when traversed, and is to be disposed of like any other issue. And the jury might as well ignore the right to the possession, or the wrongful taking and detention, as the title to the property, when the latter fact is in issue."

In *Warner v. Hunt*, 30 Wis., 200, the above view of the law is re-affirmed, declaring the reasonableness and necessity of the rule requiring the verdict to dispose of the question of title, when that is put in issue by the pleadings. (See, also, 20 Wis., 1, *Booth, et al. v. Ableman, et al.*)

The remaining question is this: the judgment being unauthorized, where all the material issues are not disposed of, can the error be urged for the first time in the Supreme Court? Upon principle and authority, we are of opinion that it can. This point came up in *Garland v. Davis*, 4 How., 143, a defect having been discovered in the pleadings and verdict, which was not noticed in the court below, nor even suggested by counsel in the Supreme Court of the United States. That court seems to have had no doubt about their power to consider the defect and to reverse the judgment.

In *Bennett v. Butterworth*, 11 H., 674, Taney, C. J., said— this is " a suit to try a legal title." The plaintiff "claimed in his petition a legal title to the negroes, which the defendant denies," etc. A jury was sworn who found in the following words: " We, the jury, find for the plaintiff twelve hundren dollars the value of the four negro slaves in suit, with six and a quarter cents damages."

" Now," said the Chief Justice, " if anything is settled in proceedings at law when a jury is impanelled to try the facts, it is, that the verdict must find the matter in issue between

the parties, and the judgment of the court must conform to and follow the verdict. But here the matter in issue was the property in these negroes, and the verdict does not find that they are the property of the plaintiff, or the defendant. *  * It ought, therefore, to have been set aside upon the motion of either party, as no judgment could lawfully be entered upon it. * * * The judgment is evidently erroneous, and must be reversed. And as these errors are patent upon the record, they are open to revision here, without any motion in arrest of judgment, or exception taken in the district court."

As, therefore, in this case the verdict is defective in substance, the judgment of the District Court is reversed, and a new trial awarded.