SAMUEL E. BARNEY vs. JAMES R. BRANNAN AND ANOTHER.

In replevin the plaintiff, to whom the property was delivered on the process, had at the time no right to the possession of it, but had acquired that right at the time of the trial. The court rendered judgment for the defendant for damages, but not for a return of the property. Held that if it was an error not to render judgment for its return, it was one not injuring the defendant, who would not have been entitled to keep the property, and therefore an insufficient error for the reversal of the judgment, under the act of 1882, (Session Laws of 1882, ch. 50, sec. 8.)

[Argued June 15th—decided July 3d, 1883.]

REPLEVIN for a piano; brought to the court of common pleas, and tried to the court before *Torrance*, J. Facts found and judgment rendered for the defendants for one dollar damages and costs. The defendants claimed also a judgment for the return of the piano, which had been delivered to the plaintiff under the process of replevin. The court found that up to January 1st, 1883, which was after the plaintiff had brought his suit, he was not entitled to the possession of the piano, but that he had become entitled to it before the trial, and refused to render a judgment for its return to the defendants. The defendants appealed. Some further facts are stated in the opinion.

*C. B. Matthewson*, for the appellants.

*B. Mansfield*, for the appellee.

PARK, C. J.—The case finds that the plaintiff was not entitled to the possession of the piano in question when this suit was brought, but was entitled to it when the case was tried in the court below. It appears that in the month of December, 1880, the defendants were the owners of the piano, and sold it to the plaintiff for the sum of fifty dollars. At the same time the parties entered into another contract, wherein the plaintiff agreed to re-sell the piano to the defendants at any time before the first day of January, 1882, on their re-payment of the sum of fifty dollars, together with a further specified sum for the use of it in the meantime. The time for re-payment was subsequently extended one year. The defendants never exercised their optional right to re-purchase the piano, nor did they refund any part of the sum paid for it. On these facts the defendants claimed in the court below, that inasmuch as the plaintiff was not entitled to the possession of the piano when the suit was instituted, the court should render judgment for its return. The court rendered judgment for the defendants to recover the sum of one dollar damages and their costs, but did not render a judgment for the return of the piano. Hence arises the only question made in the case.

It is obvious that if the defendants were right in the claim they made, the error of the court did them no harm. They were not at that time entitled to the possession of the piano, much less to the piano itself. Their right to re-purchase it expired on the last day of December, 1882, when it became absolutely the property of the plaintiff. Such being the case, if the court had ordered a return of the piano to the defendants, they would have been bound to re-deliver it immediately to the plaintiff. Such a proceeding would therefore have been wholly useless and of no benefit to the defendants. They recovered damages for the taking and detention of the piano by the plaintiff during the time that they were entitled to its possession, together with their costs, and they ought to have been satisfied, without attempting to take advantage of the technical error, if one was committed. Whether there was or not we do not deem

it necessary to inquire, for the statute of 1882 makes it the duty of the court not to reverse judgments for errors committed which are immaterial, or which do not injuriously affect the appellants.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.