(February 8, 1892.)

## BLACKFOOT STOCK COMPANY v. DELAMUE.

### [29 Pac. 97.]

CLAIM AND DELIVERY—AGISTER'S LIEN—VERDICT.—1. In an action of claim and delivery, where neither the ownership or value of the property is put in issue, but defendant claims a lien upon the property (cattle) for the care and keeping of the same under a contract with plaintiff, a verdict that "defendant recover of and from the plaintiff the sum of $679.50 for keeping and care of the cattle mentioned in the complaint, and that defendant have a lien on said cattle until said amount is paid," is sufficient after judgment under the statutes of Idaho.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Hawley & Reeves, for Appellant.

In actions of replevin, a counterclaim cannot be pleaded by defendant or considered by the court. (*Lovensohn v. Ward,* 45 Cal. 8; *Dole v. McGraw,* 71 Mich. 106, 38 N. W. 686; *Fairman v. Fluck,* 5 Watts, 516; *Stow v. Yarwood,* 14 Ill. 424; *Keaggy v. Hite,* 12 Ill. 101.) The counterclaim must have existed at the commencement of the action. (*Gannon v. Dougherty,* 41 Cal. 661; *Jeffreys v. Hancock,* 57 Cal. 646; *Lyon v. Petty,* 65 Cal. 323, 4 Pac. 103.)

T. M. Stewart, for Respondent.

The provision in action for claim and delivery for alternative judgment, for return or value, is made for the benefit of the defendant, and he alone can take advantage of its omission. (Cobbey on Replevin, 1106, 1108; *Boley v. Griswold,* 20 Wall. 486; *Sweeney v. Lomme,* 22 Wall. 208.) A verdict for one party is sufficient to warrant judgment that he was entitled to possession. (*Newlien v. Reed,* 30 Iowa, 496.) Defendant admitted that plaintiff was the owner of the cattle. In such case defendant is entitled to judgment for value of his special interest. (Cobbey on Replevin, 1126; *Warner v. Hunt,* 30 Wis. 200; *Knudson v. Gieson,* 38 Iowa, 234.) Error will be disregarded unless it affects substantial rights of appellant or

operates prejudicially to his interest. (Cobbey on Replevin, 1105; *Barney v. Brannan,* 51 Conn. 175; *Marix v. Franke,* 9 Kan. 132.)

HUSTON, J.—On the tenth day of November, 1889, the plaintiff entered into a contract in writing with defendant, by which the plaintiff agreed to and did deliver to defendant the possession of a certain number of cattle, which, by said contract, defendant was to keep and care for until after April 1, 1890, at a price per head, stipulated in said contract. On the twenty-eighth day of July, 1890, a portion of said cattle still being in the possession of defendant, plaintiff brought its action of claim and delivery to recover the possession thereof from defendant. The complaint is in the usual form of actions of this nature under the code. Possession of the cattle was delivered to plaintiff as provided by statute. Defendant, by his answer, admits (by not denying it) the ownership of the cattle by plaintiff, but denies its right to the possession, and sets up the contract, and the fact that there is a large sum due and unpaid to him from the plaintiff thereon for the keeping of said cattle; alleges that he has fully kept and complied with all of the terms and conditions of said contract by him agreed to be kept and performed. The answer of defendant was filed January 7, 1891. The answer sets forth the contract, and the claim of the defendant thereunder as a "defense and counterclaim." The cause was tried by the district court with a jury, and the following verdict was rendered: "We, the jury in the above-entitled action, find that defendant recover of and from the plaintiff the sum of $679.50 for the keeping and care of the cattle mentioned in the complaint, and that defendant have a lien on said cattle until said amount is paid." On this verdict the court rendered the following judgment: "Wherefore, by virtue of the law, and by reason of the premises aforesaid, it is ordered, adjudged and decreed that said Andrew Delamue have and recover from said Blackfoot Stock Company the sum of $679.50, with interest thereon at the rate of ten per cent per annum from the date hereof until paid, and the return and possession of said cattle mentioned in complaint, until same is paid, together with said defendant's costs and disbursements incurred in this action, amounting to the sum of $267.10."

The appeal is from the judgment only, and brings here only the judgment-roll. The following are the specifications of errors assigned by appellant: "1. The court erred in overruling the motion of plaintiff to strike out the counterclaims; 2. The court erred in receiving the verdict of the jury; 3. The court erred in entering judgment on the verdict of the jury; 4. The judgment is void."

The plaintiff moved to strike out the counterclaims of defendant, which motion was denied by the court, and such refusal is alleged to be error by plaintiff, and we are, among other authorities, cited to Pomeroy's Remedies, section 767, in support of this contention. We might answer this contention of plaintiff by saying that, while the claim set up by defendant in his answer is denominated by the pleader as a "counterclaim," it is really the claim by virtue of which, under his contract with the plaintiff, he asserts his right to the possession of the cattle—that is, an agistor's claim or lien for the care and keeping of the cattle; and neither Professor Pomeroy, nor any other authority, do we think, has ever announced that such a claim was not a proper defense in an action of replevin, or, as it is denominated in the code, "an action of claim and delivery"; but this class of defenses are recognized by Pomeroy as an exception to, or not coming within, the general rule. We are required by section 4 of our Revised Statutes to construe the provisions thereof "liberally," "with a view to effect their objects and to promote justice." We should certainly be departing from this injunction were we to look at the name given a pleading, rather than its substance, in construing it. The defense set up in the answer is a proper one, although it is a misnomer to call it a counterclaim. There was no error in overruling the motion to strike out. Another ground urged by the plaintiff why its motion to strike out should have been allowed is that it contains matter that arose after the commencement of the action. The action was commenced on the 28th of July, 1890. As before stated, the answer was not filed until the seventh day of January, 1891. It does not appear from the record when the cattle were taken from the possession of defendant, and it is but fair and reasonable to presume that they remained in his possession until the fourth day of Septem-

ber, 1890; and there was nothing improper in his including in his answer his claim for their care and keeping up to the time they were taken from his possession by the plaintiff under process.

The second assignment of error by the plaintiff is that "the court erred in receiving the verdict of the jury." It must be admitted that the verdict in this case is very unsatisfactory, and shows a degree of carelessness on the part of the counsel that is very reprehensible; but is it sufficient to warrant the judgment rendered thereon? Let us look at the issues in the case for a moment. There was no question made on the ownership or value of the property sought to be recovered. The defendant admitted the ownership of the property to be in the plaintiff, conceded the value, and claimed only that he was entitled to the possession, by virtue of his agistor's lien, for the care and keeping of the cattle under the contract aforesaid, and alleged the amount of his claim. What, then, were the issues the jury were called upon to try? Certainly only the validity and amount of defendant's claim. Had the verdict been: "We find the defendant entitled to the possession of the cattle described in the complaint, and that the amount of his claim for the care and keeping of the same is $679.50"—could it be contended that such a verdict would not support the judgment? We think not successfully. And wherein does the verdict in the record differ from such a one? It does not find the value of the property. It was not necessary it should, for there was no issue on that point; and as the right of possession claimed by defendant went only to the extent or amount of his lien or special property, and the property had been delivered to the plaintiff under the process, and as the value of the property, as shown by the record, was largely in excess of defendant's claim, a finding of the value was not called for, nor was it essential to "a complete adjustment of all the equities between the parties in the action." (*Hickman v. Dill,* 32 Mo. App. 509; *Boutell v. Warne,* 62 Mo. 350; *Barney v. Brannan,* 51 Conn. 175; *Warner v. Hunt,* 30 Wis. 200.) In the last case cited the plaintiff brought replevin for a cow of the alleged value of fifty dollars. Defendant pleaded a lien, as pound-keeper, of two dollars and fifty cents. The jury found for the

defendant; that the plaintiff was not lawfully entitled to the possession of the property; that the same was not wrongfully detained by the defendant; that the defendant was entitled to the possession thereof; and assessed the value at forty dollars, and damages for the detention one cent.   Upon this verdict judgment was rendered that the defendant have a return of the property, or, if return could not be had, that the defendant recover from the plaintiff the value thereof, assessed at forty dollars, and one cent damages, and costs.   The verdict and judgment were set aside; the court saying that the jury should have found the value of the defendant's special property in the case, as well as the ownership (which was put in issue by the pleadings in that case).   "In an action of replevin, where the verdict is in favor of the defendant, whose ownership is special, by reason of a chattel mortgage or other lien, the measure of his damages in case a return cannot be had is the account due him upon his lien if within the value of the property."   (Cobbey on Replevin, 540, and cases cited in note 1, p. 541.)   While the verdict in this case is open to severe criticism, we think it sufficient to support the judgment.   Another answer to the contention of plaintiff is that it comes too late.   Objections to the form of the verdict should be made before judgment.   If a verdict can be understood, it will be sustained, although informal.   The language should be so construed as to sustain the verdict if possible.   (Same authority as last; Cobbey on Replevin, sec. 1052, and cases there cited.)   Judgment of district court affirmed, with costs.

Sullivan, C. J., concurs.

Morgan, J., having been of counsel, took no part in the hearing or decision of this case.