## GEORGE CAPITOLA v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILROAD COMPANY.

103 N. W. (2d) 867.

June 3, 1960—No. 37,910.

*Edward M. Glennon,* for appellant.
*William H. DeParcq* and *Robert N. Stone,* for respondent.

LOEVINGER, JUSTICE.

The plaintiff was a fireman employed by defendant railroad company. He was riding in the cab of a Diesel locomotive being operated by an engineer and carrying a switch foreman when the engine had a head-on collision with another engine. Both engines were owned by the railroad and being operated by its employees in switching operations.

Plaintiff brought suit against the railroad for his injuries under the Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 USCA, § 51, et seq. The railroad filed an answer and a counterclaim for dam-

ages to its equipment resulting from the collision and claimed to be due to the negligence of the plaintiff. Plaintiff's reply to the counterclaim was a general denial.

There was a full trial of all the issues before a court and jury. At the conclusion of the trial, plaintiff moved for a directed verdict in his favor on both his own claim and the counterclaim upon the grounds that the defendant railroad was guilty of negligence as a matter of law and that the only question for the jury was whether there was any contributory negligence on the part of the plaintiff which would reduce the amount of the verdict under the rule of comparative negligence established for these cases by the F. E. L. A.

The court granted both motions and submitted the case to the jury upon four interrogatories. The interrogatories and the answers returned by the jury to each were as follows:

"* * * Do you find the plaintiff guilty of any negligence? Answer: Yes.

*   *   *   *   *

"Was the negligence of the plaintiff a contributing proximate cause of this accident? Answer: Yes.

*   *   *   *   *

"What percentage of the total negligence resulting in this accident do you attribute to the plaintiff, Capitola? 20%.

"What do you find to be the total amount of the plaintiff's damages without any reduction for contributory negligence, if any? Answer: $36,573.10."

The defendant duly moved for judgment in its favor on the counterclaim notwithstanding the verdict and for an order setting aside the directed verdict and granting defendant a new trial on all issues relating to the counterclaim. The motion was denied, and defendant appealed. The appeal does not challenge the finding of liability to the plaintiff but only the denial of recovery upon the counterclaim.

Plaintiff contends that the counterclaim is barred by the F. E. L. A. and also by the negligence of defendant's employees other than plaintiff. There appear to be no cases directly passing upon the right to

maintain a counterclaim against an injured employee in an F. E. L. A. suit.

On the second point defendant cites Zulkee v. Wing, 20 Wis. 408 (429), 91 Am. D. 425. This was a decision rendered in 1866 in which the Wisconsin court held that in a suit by a master against his servant or employee for damages caused by the negligence of the latter, the concurrent negligence of a fellow servant was not attributable to the master. The court reasoned that if a negligent servant, when sued for damages caused to his master, could attribute his own negligence to the master and thereby bar recovery, the result would be unjust. From this it drew the conclusion that in the same situation the negligence of a fellow servant could not be attributable to the master.

In the nearly a century which has passed since this decision, it has been cited by a few other courts, but in support of dicta and not of holdings. See, Patterson v. Brater, 225 Mich. 297, 196 N. W. 202; Raney v. Lachance, 96 Mo. App. 479, 70 S. W. 376; cf. Alderman v. Noble, 296 Mass. 30, 4 N. E. (2d) 619. The most nearly analogous case is Buhl v. Viera, 328 Mass. 201, 102 N. E. (2d) 774. However, in that case the point at issue here receives only passing consideration with a citation of the Zulkee case, and the opinion is concerned principally with other problems. There does not appear to be any other case squarely in point.

The general rule is that an agent against whom a principal brings an action of tort for negligence has the defense of contributory negligence. Restatement, Agency (2 ed.) § 415, comment *b*. The great majority of employed persons today are employed by corporate employers which act only through agents and coemployees. To hold that contributory negligence must be personal or that the negligence of a coemployee is not attributable to the employer in this situation would be tantamount to exempting corporate employers from the general rule. Neither logic nor considerations of policy or justice indicate this result. On the contrary, this court has said that the fellow-servant doctrine, which absolves an employer from liability to an employee for injuries suffered as a result of the negligence of a coemployee, is a limited exception to the rule of respondeat superior, does not rest on any very satisfactory

basis, and is not to be extended. Lunderberg v. Bierman, 241 Minn. 349, 356, 63 N. W. (2d) 355, 360, 43 A. L. R. (2d) 865, 872.

We need not indulge in refined logic or logomachy to distinguish Zulkee v. Wing, *supra*. The case was decided long ago and in another jurisdiction. It is neither controlling nor persuasive here and now. We decline to follow it. We hold that in an action by an employer against his employee for damages resulting from the negligence of the employee, contributory negligence is a defense and may be established by attributing to the employer the negligence of a coemployee which is a proximate cause of the damage.

This rule does not mean that an employee, whether plaintiff or defendant, may attribute his own negligence to his employer in an action between them. Courts should have little difficulty in distinguishing between the negligence of an employee who is a party to an action and a coemployee. A more serious objection to this rule is that the employer may be denied any remedy when the concurrent negligence of several employees causes damage. The paucity of cases in which an employer has sought damages from employees in such a situation suggests that this objection is more theoretical than practical. But if injustice should occur in such circumstances, it would not result from the rule that an employer is responsible for an employee's negligence but rather from the rigor of the common-law doctrine of contributory negligence.

In any event, the objection is not properly applicable to the instant case. Considerations of substantial justice clearly demand the application of the principle stated. To hold the fireman riding in a Diesel engine liable to his employer for a collision resulting largely from the negligent operation of the engine by the engineer does not appeal to commonsense or common notions of justice. Since the jury found and the evidence is plain that the accident giving rise to this litigation was caused in major part by the negligence of defendant's employees other than plaintiff, it follows that defendant's counterclaim against plaintiff, based upon common-law theories of negligence, is barred by the common-law rule of contributory negligence. The trial court, therefore, properly directed a verdict for the plaintiff on the counterclaim.

Since the directed verdict is properly sustained on this ground, it

210

becomes unnecessary to consider whether a counterclaim may be maintained in an F. E. L. A. action.

Affirmed.