438 P.2d 265

**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellant,**

v.

**Gib ANDERSON and Alpha Erection Corporation, Defendants-Respondents.**

**No. 9897.**

Supreme Court of Idaho.

·Feb. 23, 1968.

Rehearing Denied March 18, 1968.

Cunningham, Schwartz & Doerr, Twin Falls, for appellant.

Clemons, Skiles & Green, Boise, for Gib Anderson.

Parry, Robertson & Daly, Twin Falls, for Alpha Erection Corporation.

McQUADE, Justice.

Appellant, an insurance company, remitted payment to its insured, a television station, for damages to a transmitting tower. Appellant then brought an action against the two respondents claiming negligence of each had caused the damages to the tower. The action was tried before a jury, but the trial court ordered a directed verdict for each respondent. This is an appeal from judgment entered on that order. The judgment is affirmed.

A statement of pertinent facts follows.

Appellant Insurance Company of North America insured against damage a two-hundred foot high transmitting tower with

a thirty-foot antenna belonging to KLIX television station in Jerome County. Close by on the same site during late 1961 and early 1962, respondent Alpha Erection Corporation was erecting a new broadcasting tower for KLIX. Respondent Gib Anderson was employed by KLIX as a transmitter operator.

December 26, 1961, a truck with a van arrived on the site carrying equipment ordered by KLIX. For delivery to the proper door, the truck had to pass between the transmitting station building and a parked A-frame (derrick attached to rear platform) truck owned by respondent Alpha, which had been left parked there a few days before when Alpha's employees had traveled to their various homes (most lived outside Idaho) for about one week's Christmas vacation. The A-frame truck was so positioned in order that its derrick could support a winch cable which was raised off the ground so that vehicles would not drive over it.

It was determined that the A-frame truck had to be moved to permit the truck with van to pass. Because no employees of respondent Alpha were then near the site (nor even in Idaho), a supervisory employee of KLIX, Donald Cedarstrom, requested respondent Gib Anderson to move the A-frame truck.

Cedarstrom testified he was "the person in charge of the unloading [from the van] of this material" and he "represent[ed] KLIX in the unloading of the materials." Gordon Glassman, general manager of KLIX, testified "we always felt that Gib [respondent Anderson] was working under instructions" while he moved the A-frame truck. Cedarstrom also testified that prior to this time, to his knowledge, Anderson had never "take[n] part in moving or helping to move any of the Alpha Erection Company equipment." Anderson testified he had never driven such a vehicle as the particular truck, did not understand its gear system and was unaware of the A-frame's height.

Cedarstrom left to Anderson's discretion how far and in what direction to move the truck. Anderson drove the truck about 150 to 200 feet, apparently further than was necessary, into a turn-around roadway. There the truck's A-frame or derrick caught on one of the steel guy wires bracing the old transmitting tower. The guy wire broke and there was a loud continuing crashing noise from the tower. To Cedarstrom, the tower appeared in danger of collapsing.

Cedarstrom telephoned Tom Kirkman, president and managing officer of respondent Alpha, at his home in Iowa. Kirkman quickly returned to the KLIX site and respondent Alpha welded "I" beams to the tower in a stop-gap effort to strengthen it and keep it from buckling. After conferences among employees of respondent Alpha and employees of KLIX, including a consulting engineer from New York named Conable whom KLIX hired for advice concerning the tower, respondent Alpha contracted with KLIX to dismantle the tower, select usable sections, and re-erect it to a height of one hundred feet.

February 26, 1962, to prepare for dismantling, an employee of respondent Alpha climbed to the tower's top and a pulley was attached there, so that Alpha could attempt to pull a gin pole to the top of the tower to assist dismantling. There was no specific attempt further to strengthen the tower, but Cedarstrom testified that Conable, KLIX's consulting engineer, had advised that any more reinforcement would create even a greater hazard by adding weight which would not materially strengthen the tower. As the weight of the gin pole was transferred to the pulley, the tower began to buckle. The dismantling plan was abandoned and there were more conferences. At their conclusion, KLIX hired respondent Alpha to cut down the tower from the top in sections of one or two feet until the remainder could be felled. At the end, only scrap worth about eighty dollars was left.

Appellant negotiated with KLIX a $21,-500.00 settlement for the loss sustained in the tower. Appellant paid that sum to KLIX under an agreement termed a loan "without interest, repayable only in the

event and to the extent of any net recovery the undersigned [KLIX] may make from any [entity] * * * causing or liable for the loss or damage to the property." As "security," KLIX had to pledge all its claims.

Appellant then brought an action to recover $21,500.00 as subrogee of whatever damage claims KLIX might have against respondent Alpha and respondent Anderson. Appellant's complaint had two counts, each for $21,500.00 and each against both respondents: first count, for respondent Anderson's negligent driving of the A-frame truck with permission of its owner, respondent Alpha; second count, for negligence in hoisting the gin pole on the tower.

The action was tried to a jury but after appellant rested, the district court dismissed the second count and after respondents' evidence, the court dismissed the first count.

The district court based its decision on the following grounds: appellant had only loaned $21,500.00 to KLIX, it had not paid this amount so as to be entitled to subrogation; KLIX had waived any claims against either respondent; the evidence with respect to damages from the collision was too speculative; and concerning the dismantling operation of February 26, 1962, the evidence did not indicate respondent Alpha was negligent in any way. The trial court also concluded:

> "6. Even if plaintiff were subrogated to the rights of KLIX Corporation, it could have no greater right to recover than did KLIX Corporation, and any claim of plaintiff would be subject to any defenses available if such claim were made by KLIX Corporation."

■ On this appeal, it is unnecessary to consider all those findings and conclusions because two of them completely bar appellant's claims. With respect to respondent Anderson's driving the truck with A-frame into the guy wire, the record establishes beyond dispute that KLIX, through its supervisory employee Cedarstrom, negligently contributed to and assumed the risk of the tower's damages by ordering the inexperienced Anderson to move the truck. An employer's action against his employee for negligence is subject to the defenses of the employer's contributory negligence or assumption of risk,[1] and in the present action, appellant as subrogee of KLIX would take any claims of KLIX against Anderson subject to Anderson's defenses against KLIX.

■ With respect to appellant's claim against respondent Alpha, there is no evidence from which a jury could find that Alpha was in any way negligent during the dismantling operation of February 26, 1962. The doctrine of res ipsa loquitur is not applicable.[2]

Judgment affirmed. Costs to respondents.

TAYLOR, McFADDEN and SPEAR, JJ., and DURTSCHI, D. J., concur.

On Denial of Petition for Rehearing

Appellant has petitioned for rehearing, contending our opinion is based on "findings or conclusions that were not made by the trial court." Appellant objects to our decision that:

> "With respect to respondent Anderson's driving the truck with A-frame into the guy wire, the record establishes beyond dispute that KLIX, through its supervisory employee Cedarstrom, negligently contributed to and assumed the risk of the tower's damages by ordering the inexperienced Anderson to move the truck. An employer's action against his employee for negligence is subject to the defenses

1. See Capitola v. Minneapolis, St. P. & S. S. M. R. Co., 258 Minn. 206, 103 N.W. 2d 867 (1960); Schustrin v. Globe Indemnity Co. of New York, 44 N.J.Super. 462, 130 A.2d 897 (1957); Restatement (Second), Agency § 415 (1958); Seavey,

Agency § 160(b) (Hornbook ed. 1964); see also Restatement (Second), Torts § 496(c) (1965).

2. Cf. Flowerdew v. Warner, 90 Idaho 164, 409 P.2d 110 (1965).

of the employer's contributory negligence or assumption of risk, [citing authority] and in the present action, appellant as subrogee of KLIX would take any claims of KLIX against Anderson subject to Anderson's defenses against KLIX."

The record establishes beyond dispute, and the district court definitely found:

"4. In operating said International boom truck the defendant Gib Anderson was a servant and agent of KLIX Corporation, and not a servant or agent of Alpha Erection Corporation; at said time defendant Anderson was acting under the immediate direction and supervision of, and pursuant to instructions from Donald K. Cederstrom, his supervisor, who was also an employee and agent of the KLIX Corporation, acting in the course of his employment."

The record also establishes beyond dispute that Cedarstrom, acting for KLIX, never inquired about respondent Anderson's experience or ability to drive the A-frame truck and never advised Anderson of the obvious dangers incident to moving the truck nor told Anderson how far or in what direction to move it.

 Respondent Anderson's attorney raised the issue of Cedarstrom's—and also KLIX's—negligence in his motion to dismiss made at the close of appellant's case and by renewing that motion at the end of trial. The record establishes as a matter of law appellant's negligence [1] and that such negligence was a proximate cause [2] of the damages to KLIX. Appellant objects to our use of the term assumption of risk, which as a term of art has definite conceptual connotations. It seems wise in the face of appellant's objections and we welcome the opportunity to clarify our use of that term. By deciding that KLIX "negligently contributed to and assumed the risk of the towers damages," we merely sought to categorize or classify the type of negligence chargeable as a matter of law to KLIX, i. e. KLIX assumed the risk of whatever normal consequences might flow from instructing respondent Anderson to move the truck in the circumstances disclosed by the record.

However, there is an additional and independent ground which completely defeats appellant's claim against respondent Anderson. The court found and the evidence establishes beyond dispute that: "In operating [the truck] * * * Anderson was acting under the immediate direction and supervision of, and pursuant to instructions from Donald K. Cedarstrom, his superior." And there is no evidence tending to show that Anderson acted in any way beyond the scope of the instructions attributable to his employer, KLIX. Therefore Anderson's conduct, whether or not negligent, was in legal effect the conduct of KLIX.

Appellant's petition for rehearing is denied.

---

1. Cf. Ralph v. Union Pac. R. Co., 82 Idaho 240, 351 P.2d 464 (1960); Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287 (1956).

2. Cf. Smith v. Sharp, 82 Idaho 420, 354 P.2d 172 (1960).