536 P.2d 746

**Barna PAPP et al., Plaintiffs-Respondents,**

**v.**

**DeAnne L. CANTRELL, Defendant-Appellant.**

**No. 11436.**

Supreme Court of Idaho.

June 11, 1975.

Phillip M. Barber, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendant-appellant.

Leon R. Weeks, of Weeks, Yost & White, P. A., Nampa, for plaintiffs-respondents.

McFADDEN, Justice.

Barna Papp and Margaret Papp brought this action to recover damages for injuries received by Barna Papp in an automobile accident. The plaintiffs-respondents allege in their complaint that Barna Papp sustained injuries as the result of the negligence of DeAnne L. Cantrell. At trial, the jury returned a special verdict finding that both parties were negligent, that the negligence of both parties was a proximate cause of the accident, that 25% of the negligence was attributable to Barna Papp, that 75% of the negligence was attributable to DeAnne Cantrell, and that the amount of damages sustained by the plaintiffs was $45,000.00. Judgment was entered on the verdict in the sum of $33,750.-00. The defendant moved for judgment notwithstanding the verdict, or, in the alternative, for a new trial. The motion was denied. The defendant appeals from the judgment and from the denial of the motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial. For reasons to be discussed, we affirm.

The appellant's arguments present three issues which must be resolved: (1) whether the jury used a quotient verdict to determine the amount of damages; (2) whether the plaintiffs' negligence, as a matter of law, contributed more than 50% to the cause of the accident; and (3) whether the damages awarded were excessive.

A brief summary of the facts must be presented before the issues can be discussed. A car driven by the defendant-appellant, DeAnne Cantrell, and a pickup truck driven by the plaintiff-respondent, Barna Papp, collided at the intersection of Tenth Avenue South and Fourth Street South, in Nampa, on November 5, 1971. Papp was driving south on Tenth Avenue South, and DeAnne Cantrell was traveling west on Fourth Street South. Apparently, the intersection was not protected by a stop sign or a yield-right-of-way sign.

As a result of the accident, Barna Papp received a knee injury which was diagnosed by Papp's physician as a torn lateral cartilage of the left knee. The injury was treated surgically. Approximately six weeks after the surgery, Papp developed a thrombophlebitis condition in the calf of his left leg. Expert medical testimony established the fact that the thrombophlebitis condition developed as a result of the knee surgery. Both the physician who treated Papp and a physician appearing on behalf of the respondent testified that Papp would have a permanent partial disability as a result of the trauma sustained in the accident. Both physicians also testified that Papp could expect additional medical problems as a result of the injuries.

I

The appellants submit that the jurors answered Interrogatory no. 6 of the verdict by means of a quotient verdict. Interrogatory no. 6 asked the jury "[w]hat is the amount of damages sustained by the plaintiffs as a result of the accident".

After the verdict was returned, each juror was polled extensively as to the method used to determine the amount of damages. The jurors said that they were unable to reach a consensus on the amount of the damage award, so they computed the average of their individual estimates. According to the record, the jury then discussed the average figure and voted on that figure. The procedure used was an averaging process; but there was no evidence that the members of the jury agreed in advance to be bound by the average figure. "This court has long adhered to the rule that where each juror submits the amount of damages he or she thinks is proper and these are averaged, it is not a quotient verdict so long as the jurors do

not agree in advance to be bound by the average reached." Lombard v. Cory, 95 Idaho 868, 870, 522 P.2d 581, 583 (1974). *Accord,* Clerk v. Foster, 87 Idaho 134, 391 P.2d 853 (1964). The record lacks substantial evidence to indicate that this verdict was the result of a method of chance, rather than a process of reasoned deliberations. Thus, we cannot sustain the appellant's assignment of error on this point.

## II

The appellant submits that the "respondent's negligence, as a matter of law, contributed more than 50% to the cause of the accident". She argues that Barna Papp was negligent when he drove in excess of the speed limit, when he failed to look to the left as he entered the intersection, and when he failed to apply his brakes so as to avoid the accident. She argues that the negligence of these acts exceeds, as a matter of law, the negligence of the defendant-appellant when those acts are analyzed upon the basis of comparative negligence. The acts of the defendant in issue include the failure of DeAnne Cantrell to yield the right of way as was her duty, and her speed at the time of the accident.

This court has repeatedly said that "[o]rdinarily issues of negligence present questions of fact to be resolved by the trier of fact, and they become a matter of law only when the facts are undisputed and only one reasonable conclusion can be drawn from the evidence". Schaefer v. Elswood Trailer Sales, 95 Idaho 654, 656, 516 P.2d 1168, 1170 (1973). The record indicates that the facts concerning the alleged negligence are in dispute and that more than one conclusion can be reasona-

bly drawn therefrom. Therefore, we affirm the special verdict of the jury finding that Barna Papp's negligence contributed to the cause of the accident in the amount of 25% and that DeAnne Cantrell's negligence contributed to the cause of the accident in the amount of 75%.

## III

The appellant submits that the damages awarded are excessive in that the evidence does not support, as a matter of law, an award of damages for impairment of earning capacity [1] or an award of damages for future medical expenses.

The trial court instructed the jury that they must determine the amount of damages [2] which would compensate the Papps for any of the elements of damage proved to have been sustained by the Papps. The jury was instructed in accordance with the appellant's requested instruction that they should consider the following elements of damage:

"1. The nature, extent and duration of the injury to plaintiff, Barna Papp, if any.

"2. The disability resulting from the injury to plaintiff, Barna Papp, if any.

"3. The pain and suffering, if any, experienced and reasonably certain to be experienced in the future by plaintiff, Barna Papp, as a result of the injury.

"4. The reasonable expense of necessary medical care, treatment, and services received, and those reasonably certain to be incurred in the future by plaintiffs, Barna Papp and Margaret Papp, if any.

"5. Loss of wages by plaintiff, Barna Papp, if any."

---

1. Appellant frames his argument in terms of "lost future income". However, a review of the arguments presented and the authorities on point indicate that the issue raised by this appeal relates to impairment of earning capacity, not loss of income. Accord. 18 A.L.R.3d "Evidence-Impaired Earning Capacity", p. 95 (1968); 22 Am.Jur.2d Damages § 92 (1965).

2. The record indicates that the jury was not informed as to the damages prayed for in the complaint. The appellant does not argue that the jury awarded damages in excess of the amounts prayed for in the complaint. Therefore, we do not have to consider the question of whether the jury or the trial court is bound by the amounts prayed for as damages. See I.R.C.P. 9(g), 15(b), 54(c).

Answering Interrogatory no. 6, supra, the jury found that the plaintiffs, had sustained damages in the amount of $45,000.00.

The jury was instructed on the damages question in accordance with the appellant's requested instructions and the damages question was submitted to the jury in the form of a general question as requested by the appellant; thus, she cannot now be heard to complain that damages awarded for specific elements of damage were excessive. See, Barlow v. Int'l Harvester Co., 95 Idaho 881, 522 P.2d 1102 (1974); Anderson v. Blackfoot Livestock Comm'n, 85 Idaho 64, 375 P.2d 704 (1962); Pilkington v. Belson, 66 Idaho 724, 168 P.2d 815 (1946).

This court will consider only the question of whether the damages awarded are excessive to compensate the respondents for all elements of damages delineated in the instructions given. As we stated in the recent case of Barlow v. Int'l Harvester Co.,

> " 'The amount of damages is a question of fact which is for the jury in the first instance and secondly for the trial judge on a motion for a new trial. [citation omitted] The power of this court over excessive damages "exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush, passion, prejudice, or corruption on the part of the jury." ' [citation omitted]." 95 Idaho 898, 522 P.2d 1119, quoting Bratton v. Slininger, 93 Idaho 248, 253, 460 P.2d 383, 388 (1969).

After reviewing the record, we find that the damages awarded in this case for the injuries sustained, the disability resulting from the injury, pain and suffering, costs of medical treatment received, expenses of medical care reasonably certain to be incurred in the future, loss of wages from the accident until the trial, and impairment of earning capacity are not excessive as a matter of law; nor does such an award suggest, at first blush, passion, prejudice, or corruption on the part of the jury.

Judgment affirmed. Costs to respondents.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.