44 N.J. Super. 462 (1957)
130 A.2d 897
SOL SCHUSTRIN, INDIVIDUALLY AND TRADING AS ROXY GARMENT DELIVERY, PLAINTIFF-APPELLANT,
v.
GLOBE INDEMNITY CO. OF NEW YORK, DEFENDANT, AND SELMA BINDER, EXECUTRIX OF THE ESTATE OF DAVID BINDER, INDIVIDUALLY AND TRADING AS BINDER AGENCY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1957.
Decided April 15, 1957.
*464 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Jerome S. Lieb argued the cause for the plaintiff-appellant (Messrs. Harkavy and Lieb, attorneys).
Mr. Harvey G. Stevenson argued the cause for the defendant-respondent (Messrs. Stevenson, Willette & McDermitt, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiff brought this suit against his insurance broker for its negligent failure to obtain adequate workmen's compensation insurance coverage, as a *465 result of which the plaintiff had no insurance protection on an employee's claim. The issues framed by the pretrial order were negligence and contributory negligence.
The plaintiff, a trucker of garments in the New Jersey and New York area, maintains terminals in Jersey City and New York City. The defendant, Binder Agency, has been his insurance broker for about 15 years and effected workmen's compensation insurance covering plaintiff's employees under the statutes of both states. In March, 1953 Binder informed the plaintiff that it was unable to procure renewal or replacement of the plaintiff's policy and advised him to apply for coverage under the New Jersey assigned risk plan. The broker prepared the application which recites the plaintiff's locations in both states, had it signed by the plaintiff, and then filed it with the Compensation Rating and Inspection Bureau of New Jersey. In due course, assigned coverage was furnished by the Globe Indemnity Co. of New York and the policy was mailed directly to the plaintiff, who upon receipt filed it without reading it. In August 1953 one of plaintiff's employees, who was a resident of and had been hired in New York, was injured in that state and the plaintiff then learned that the policy did not cover his New York employees. In an action before the Workmen's Compensation Bureau of the State of New York, the insurance company, disclaiming liability, refused to defend or thereafter to pay the award made to the injured employee.
The complaint filed in this proceeding contained a first cause of action against the insurance company which was dismissed by stipulation. The trial proceeded on the second cause of action against the broker.
The court submitted five special inquiries to the jury, four of which pertained to defendant's negligence and one to plaintiff's contributory negligence. The jury found specifically that the defendant, by reason of his general employment as plaintiff's broker, obligated himself to obtain complete coverage; that the plaintiff had a right to rely thereon; and that the defendant's negligence in the performance *466 of its undertaking was the proximate cause of plaintiff's loss. However, the jury also found that the plaintiff was contributorily negligent "in failing to examine the policy or take other reasonable steps to ascertain" the scope of its coverage, and that such negligence did "join in proximately causing loss." Accordingly, the court entered judgment in favor of the defendant and subsequently denied plaintiff's motion for a new trial. This appeal ensued.
An insurance broker is one engaged in the business of "procuring insurance for such persons as may apply to him for that purpose." He is a specialist holding himself out to the world as possessing the skill requisite to his calling, and acts as a middleman between the insured and the insurance company. He is usually the agent of the insured, although his commission is generally paid by the company with which the insurance is placed. Milliken v. Woodward, 64 N.J.L. 444 (Sup. Ct. 1900). If he fails to exercise reasonable skill, care and diligence in effecting the insurance or performing his undertaking, he renders himself liable in damages either for breach of contract or in tort for breach of duty. Marano v. Sabbio, 26 N.J. Super. 201 (App. Div. 1953); Annotation, "Insurance Broker or Agent  Liability," 29 A.L.R.2d 171.
The liability of an agent to his principal may be avoided by the principal's contributory fault. Restatement, Agency, § 415, Comment (b), p. 956. "An agent against whom a principal brings an action of tort for negligence has the defense of contributory negligence in accordance with the rules stated in the Restatement of Torts."
In this State it has been held that the failure of an insured to apprise himself of the terms of a policy which he has had an opportunity to read, may operate to prevent recovery against the company on the policy or in an action for reformation thereof. But where the insurer has been guilty of fraud or other unconscionable conduct, it cannot be pleaded that if the insured had exercised reasonable care he would not have been defrauded. Crescent Ring Co. v. *467 Travelers' Indemnity Co., 102 N.J.L. 85 (E. & A. 1926); Heake v. Atlantic Casualty Ins. Co., 29 N.J. Super. 242 (App. Div. 1954), affirmed 15 N.J. 475 (1954).
In an action by a principal against his broker for negligence by reason of his failure to perform an undertaking, the mere failure on the part of an insured to read a policy does not per se bar a recovery, but is a circumstance to be considered on the question of the plaintiff's contributory negligence. The insured may be able to explain satisfactorily his failure to read the policy and show that he exercised that degree of care which a reasonably prudent person would ordinarily use under the same circumstances. 16 Appleman, Insurance Law and Practice, § 8834, p. 307. Here, the court's charge to the jury without objection on the issue of contributory negligence was amplified by the inclusion of an instruction specifically requested by the plaintiff.
The plaintiff contends there is a fatal inconsistency between the finding by the jury by way of answer to the first special question that the plaintiff did "have a right to rely on the defendant's procuring proper coverage under the New York Workmen's Compensation law," and its finding that plaintiff was contributorily negligent. We do not agree. The matter of the right of reliance by the plaintiff goes only to the existence of a duty on the part of the defendant. In other words, if plaintiff did not have a right to rely on the defendant, there would be no primary duty of due care by the defendant to the plaintiff. But contributory negligence remains a defense.
The plaintiff also argues the evidence was insufficient to enable the jury to find contributory negligence. We think it was ample. In view of the fact that the insufficiency of insurance here involved arose from plaintiff's inability to get a renewal of his previous voluntary insurance coverage  an unusual situation for this plaintiff  and that the new insurance was assigned by the State and the policy sent directly to him, we are of the view that a jury could well find that due care on the part of the plaintiff called for *468 him either to read the policy or, in whatever other way was appropriate and prudent, verify the adequacy of the coverage for his operations in both states.
As to the contention that plaintiff's negligence, if any, was not proximately related to the loss, we believe the jury could have found to the contrary. It was for the jury to say whether if the plaintiff had made appropriate inquiry concerning the coverage by the policy of his New York operations, he would have discovered the inadequacy and taken steps to secure New York coverage and thus avert the present loss.
Affirmed.