689 A.2d 840

GREGORY B. EVANGELOU, PLAINTIFF–RESPONDENT, v. SPARTACO V. TERZANO, DEFENDANT–RESPONDENT, AND NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 4, 1997—Decided March 12, 1997.

468

Before Judges MICHELS and KLEINER.

*Daniel K. Van Dorn* argued the cause for appellant New Jersey Automobile Full Insurance Underwriting Association (*McDermott & McGee*, attorneys; *A. Charles Lorenzo*, of counsel and on the brief).

*Martin S. Cedzidlo* argued the cause for respondent Gregory B. Evangelou (*Richard S. Greenberg*, attorney).

No brief was filed on behalf of respondent Spartaco V. Terzano.

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Defendant New Jersey Automobile Full Insurance Underwriting Association (the NJAFIUA) appeals from three orders of the Law Division entered in this insurance coverage matter which, among other things, (1) denied its motion for summary judgment against plaintiff Gregory B. Evangelou (Evangelou) and declared that defendant Spartaco V. Terzano (Terzano) was its agent; (2) determined, following a bench trial, that Evangelou was entitled to reformation of his automobile insurance policy issued by the NJAFIUA to include increased limits of uninsured and underinsured motorist coverage (UM/UIM); and (3) denied its motion to restore this matter to the active trial list.

A summary of the facts and procedural history involved in this unduly complicated matter is helpful to a resolution of the issues raised on this appeal. Plaintiff instituted this action against the NJAFIUA and Terzano, the producer of record for the NJAFIUA. Plaintiff charged that Terzano failed to advise him when he obtained the NJAFIUA automobile liability insurance policy of the availability of increased limits of UM/UIM coverage. Plaintiff sought to reform the NJAFIUA automobile policy to include the

increased limits of UM/UIM coverage and to recover damages he sustained as a result of an automobile accident with an underinsured motorist over and above the amount he received in an underlying tort action against the motorist.

Terzano denied that he was under any liability to plaintiff and filed a cross-claim against the NJAFIUA. The NJAFIUA also denied liability to plaintiff and filed a cross-claim against Terzano for indemnification and contribution. Thereafter, the NJAFIUA moved for summary judgment against plaintiff, seeking a dismissal of his complaint, and against Terzano, seeking a dismissal of the latter's cross-claim. Terzano also moved to dismiss plaintiff's complaint. On September 20, 1993, following argument, the trial court entered the following order:

A. The Motion of Defendant, NJAFIUA for Summary Judgment dismissing Plaintiff's Complaint and Defendant Terzano's Cross-Claim, shall be and hereby is denied;

B. It shall be and hereby is established that Defendant, Terzano[,] was the agent of Defendant, NJAFIUA;

C. The Cross-Motion of Defendant, Terzano, shall be and hereby is dismissed.

Following a bench trial which only involved plaintiff's claim for reformation of the NJAFIUA policy, the trial court on January 28, 1994, entered an "Order for Judgment of Reformation and Further Proceedings," which ordered:

[that] Judgment shall be and hereby is entered for the Plaintiff, Gregory B. Evangelou, and against the Defendant, New Jersey Automobile Full Insurance Underwriting Association[,] reforming the automobile insurance policy issued by Royal Insurance Company on behalf of New Jersey Automobile Full Insurance Underwriting Association under Policy No. UDATY7844 to provide uninsured motorist coverage of $250,000.00 for each person and $500,000.00 for each accident, upon the condition that Plaintiff shall pay the premium for such increased policy limits; ...

... that the liability, if any, of the Defendant, New Jersey Automobile Full Insurance Underwriting Association, under the reformed policy limits shall be determined pursuant to the arbitration provisions of the said policy; ...

... that the Amended Cross-claim of Defendant, New Jersey Automobile Full Insurance Underwriting Association[,] against the Defendant, Spartaco V. Terzano, for contribution and/or indemnification shall be reserved for adjudication upon Motion after the determination of the liability, if any, of Defendant, New Jersey Automobile Full Insurance Underwriting Association[,] to the Plaintiff, Gregory B. Evangelou, and after Defendant, New Jersey Automobile Full Insurance Underwriting Association, shall have paid any such liability to Plaintiff; and ...

... that the Complaint of Plaintiff against the Defendant, Spartaco V. Terzano, shall be and hereby is dismissed with Prejudice and without Costs.

On February 25, 1994, the NJAFIUA appealed the September 20, 1993 order finding Terzano to be its agent. On March 29, 1994, on Terzano's motion, we dismissed the NJAFIUA's appeal because the September 20, 1993 order was interlocutory rather than a final order or judgment.

Following the court-ordered arbitration on January 4, 1995, plaintiff was awarded $80,000 against the NJAFIUA. Since plaintiff had recovered $15,000 in his underlying personal injury action against the underinsured motorist, the award was reduced to $65,000.

On March 27, 1995, the NJAFIUA moved for an order pursuant to *R.* 4:42–2 to revise the prior order of January 28, 1994, that reformed its policy with plaintiff to provide increased UM/UIM coverage for him. In support of its motion, the NJAFIUA argued that insurers, agents, and brokers were immune from liability for failure to advise customers or insureds of additional or increased limits of UM/UIM coverage pursuant to *N.J.S.A.* 17:28–1.9, noting that the statute had been recently construed by *Strube v. Travelers Indem. Co. of Ill.,* 277 *N.J.Super.* 236, 649 *A.*2d 624 (App.Div. 1994), *aff'd o.b.,* 142 *N.J.* 570, 667 *A.*2d 188 (1995), to apply retroactively. Alternatively, the NJAFIUA sought an order declaring that it was entitled to contractual indemnification from Terzano and a stay of the payment of the arbitration award of $65,000, pending appeal of the issues of agency and reformation.

On April 28, 1995, the trial court granted the NJAFIUA's motion and issued the following order:

A. Judge Napolitano's Order of January 28, 1994 shall be revised to reflect that plaintiff is not entitled to a reformation of his insurance policy and that plaintiff's Complaint and any and all crossclaims against defendant NJAFIUA are hereby dismissed with prejudice;

B. Motion of Spartaco V. Terzano for summary judgment, also unopposed, is also granted.

Plaintiff appealed the April 28, 1995 order.

While plaintiff's appeal from this last order was pending, the trial court, apparently on its own motion and without notice to the

parties, vacated the April 28, 1995 order. The trial court by letter to counsel dated June 12, 1995, explained:

> Please be advised that I received a Notice of Appeal which refers to a bench trial by Judge Napolitano. In deciding that motion returnable April 28, 1995, I was totally unaware that Judge Napolitano had heard testimony and rendered a decision after the trial. Based on the incomplete motion papers before me, I merely reviewed Judge Napolitano's prior Order in light of *Strube v. Travelers Indem. Co.*, 277 *N.J.Super.* 236, [649 *A.*2d 624] (App.Div.1994).
>
> It appears that, for whatever reason, I was not presented with all the paperwork and my Order was inadvertently entered. I will sign a new Order vacating my Order of April 28 and set the matter down for oral argument on another day. Mr. Greenberg is to submit a form of Order vacating the prior order making no new determination.

Accordingly, on October 27, 1995, the trial court ordered that

> the prior Order of the Court dated April 28, 1995 be and is hereby vacated, with the merits of the motions for summary judgment to be decided at a later date, after oral argument is heard from all counsel.

Plaintiff thereupon withdrew his appeal from the April 28, 1995 order.

On November 2, 1995, the NJAFIUA wrote to the trial court, requesting that the matter be relisted for oral argument as soon as possible. On November 28, 1995, Terzano's attorney contacted the Bergen County Clerk's Office, apparently because he was informed that the Clerk's records showed that this case was closed as of November 29, 1993. On January 16, 1996, after also being informed that the case had been marked closed, the NJAFIUA moved to restore the matter to the active trial list. On February 5, 1996, the trial court denied the motion, stating on the record on February 2, 1996, that

> [t]his litigation was commenced on December 28th, 1990. Answer filed on March 7, 1991. Judgment entered January 28, 1994. It's approximately five years and two months since the filing of this Complaint.
>
> Counsel now seeks to amend this particular litigation to proceed to seek additional relief in the particular matter. I'm satisfied that the request is to be denied. This case has been closed for approximately two years. No action has been taken on this matter since that time.
>
> On December 15, 1995, I denied a Motion in this case to relieve counsel, the same attorney who brings this Motion, indicating that the case was closed. This litigation has long been concluded and abandoned.

The NJAFIUA's subsequent motion for reconsideration was also denied and the NJAFIUA appealed.

The NJAFIUA seeks a reversal of the orders of September 20, 1993, October 27, 1995, and February 5, 1996, and the reinstatement of the order of April 28, 1995. Alternatively, the NJAFIUA seeks a remand and a restoration of the matter to the active trial list for further proceedings.

*I.*

The NJAFIUA contends that the trial court erred in determining that Terzano was its agent. The NJAFIUA argues that Terzano was a producer/broker who could not bind the NJAFIUA through his negligent conduct or omissions. We disagree.

Terzano and the NJAFIUA entered into a "Producer Contract" which governed their professional relationship. The contract, in pertinent part, provided:

### *PRODUCER CONTRACT*

THE NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION (THE 'ASSOCIATION') ... HEREBY APPOINTS: SPARTACO V. TERZANO (THE 'PRODUCER'), ... TO REPRESENT THE ASSOCIATION IN NEW JERSEY....

THE PRODUCER AND THE ASSOCIATION AGREE THAT:

### *SECTION I – ASSIGNMENT*

A. THE PRODUCER IS APPOINTED TO REPRESENT THE ASSOCIATION. REPRESENTATION SHALL BE THROUGH NEWARK INSURANCE COMPANY DULY APPOINTED AS A SERVICING CARRIER BY THE ASSOCIATION....

. . . .

### *SECTION II – DUTIES OF THE PRODUCER*

. . . .

B. *SUBJECT TO THE PROVISIONS OF THIS PARAGRAPH, THE PRODUCER IS AUTHORIZED TO BIND COVERAGE FOR 'QUALIFIED APPLICANTS' AND FOR 'ELIGIBLE VEHICLES' AS DEFINED IN THE ASSOCIATION PLAN DOCUMENTS ON BEHALF OF THE ASSOCIATION....*

. . . .

F. THE PRODUCER AGREES TO INDEMNIFY AND HOLD HARMLESS THE ASSOCIATION AND ALL OFFICERS, AGENTS AND EMPLOYEES OF THE ASSOCIATION FROM ALL LOSS, CLAIMS, DAMAGES, FEES AND EXPENSES, INCLUDING LEGAL OR OTHER EXPENSES REASONABLY INCURRED OR PAID ON ACCOUNT OF ANY WRONGFUL ACT OR ANY ERROR OR OMISSION OF THE PRODUCER, EXCEPT TO THE EXTENT THAT THE ASSOCIATION HAS CAUSED SUCH ERROR.

. . . .

H. THE PRODUCER SHALL REPRESENT THE ASSOCIATION AND SHALL NOT PURPORT TO ACT AS A REPRESENTATIVE OF THE SERVICING CARRIER UNLESS AUTHORIZED IN WRITING BY THAT SERVICING CARRIER.

. . . .

## SECTION IV – TERM AND TERMINATION

. . . .

D. AFTER TERMINATION OF THIS CONTRACT UNDER PARAGRAPH B ABOVE, THE PRODUCER SHALL NOT IN ANY WAY ACT AS A REPRESENTATIVE OF THE ASSOCIATION.

. . . .

## SECTION VI – SUSPENSION OF BINDING AUTHORITY

A. THE PRODUCER'S AUTHORITY TO BIND COVERAGE MAY BE SUSPENDED BY THE BOARD OF DIRECTORS, IF THE PRODUCER VIOLATES ANY PROVISIONS OF SECTION II OF THIS CONTRACT.

. . . .

## SECTION VII – GENERAL PROVISIONS

. . . .

B. THE PRODUCER SHALL BE DEEMED AN INDEPENDENT CONTRACTOR AND NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO CREATE THE RELATIONSHIP OF EMPLOYER AND EMPLOYEE BETWEEN THE ASSOCIATION AND THE PRODUCER.

[Emphasis added.]

The New Jersey Automobile Full Insurance Availability Act, (the Act), pursuant to which the NJAFIUA was created, *N.J.S.A.* 17:30E–1 *et seq.*, defines the term "producer" as "an agent *or* broker licensed to transact the business of automobile insurance in this State." *N.J.S.A.* 17:30E–3*l* (emphasis added). Consequently,

a producer can be either an agent or a broker. In *Lilly v. Allstate Ins. Co.*, 218 *N.J.Super.* 313, 319–20, 527 *A.2d* 903 (App.Div.1987), we made the following distinction between a broker and an agent: "An insurance agent is different from an insurance broker, in that the former is authorized to enter into contracts on behalf of the insurance company, whereas the latter procures insurance on behalf of the insured." Agent and broker are also defined in the New Jersey Insurance Producer Licensing Act, *N.J.S.A.* 17:22A–1 *et seq.* Under that Act, an "insurance agent" is

a person authorized, in writing, by any insurance company to act as its agent to solicit, negotiate or effect insurance contracts on its behalf or to collect insurance premiums and who may be authorized to countersign insurance policies on its behalf.

[*N.J.S.A.* 17:22A–2f.]

An "insurance broker" is

a person who, for a commission, brokerage fee, or other consideration, acts or aids in any manner concerning negotiation, solicitation or effectuation of insurance contracts as the representative of an insured or prospective insured; or a person who places insurance in an insurance company that he does not represent as an agent.

[*N.J.S.A.* 17:22A–2g.]

It is fundamental that "[a]n agency relationship arises when one party authorizes another to act on its behalf while retaining the right to control and direct any such acts." *Rodriguez v. Hudson County Collision Co.*, 296 *N.J.Super.* 213, 220, 686 *A.2d* 776 (App.Div.1997) (citing *Sears Mortgage Corp. v. Rose*, 134 *N.J.* 326, 337, 634 *A.2d* 74 (1993)). Moreover, even if a person is not an actual agent, he or she may be an agent due to apparent authority; such authority arises based on acts by the principal which give a third party the impression that the agent has certain power. *Ibid.* In comparison to an agent, a broker "is one engaged in the business of 'procuring insurance for such persons as may apply to him for that purpose.' He is a specialist holding himself out to the world as ... a middleman between the insured and the insurance company. He is usually the agent of the insured ...." *Schustrin v. Globe Indemn. Co. of N.Y.*, 44 *N.J.Super.* 462, 466, 130 *A.2d* 897 (App.Div.1957). In *In re Producer Assignment*

*Program,* 261 *N.J.Super.* 292, 304, 618 *A.*2d 894 (App.Div.), *certif. denied,* 133 *N.J.* 438–39, 627 *A.*2d 1144 (1993), we stated that in determining whether a person is an agent or broker, "the power to bind [the insurer to coverage] [is the] critical distinction between broker and agency status."

Applying these settled principles here, we are satisfied in view of the binding authority conferred upon Terzano by the NJAFIUA under the Producer Contract that Terzano was an agent of the NJAFIUA. As such, the NJAFIUA is liable for the negligence of Terzano, and such negligence would provide a valid basis to reform the NJAFIUA policy issued to plaintiff. *See Weinisch v. Sawyer,* 123 *N.J.* 333, 341, 587 *A.*2d 615 (1991). *Clendaniel v. New Jersey Manufacturers Insurance Co.,* 96 *N.J.* 361, 476 *A.*2d 263 (1984) and *Pearson v. Selected Risks Insurance Co.,* 154 *N.J.Super.* 240, 381 *A.*2d 91 (Law Div.1977), relied upon by the NJAFIUA, as well as *Rodriguez v. Hudson County Collision Co., supra,* are factually distinguishable and do not compel a contrary conclusion. None of the brokers or producers involved in those cases appear to have had binding authority to issue insurance policies on behalf of their insurers, as Terzano did here.

Accordingly, the summary judgment of the Law Division that declared that Terzano was an agent of the NJAFIUA is affirmed.

*II.*

The NJAFIUA also contends that the trial court erred in denying its motion to restore this matter to the active trial list. The NJAFIUA argued that the bench trial, culminating in the January 28, 1994 order, only settled one aspect of the case—the insurance contract reformation—and that its cross-claim for indemnification and/or contribution still remained for resolution. The NJAFIUA claims, accordingly, that the January 28, 1994 order did not close the matter. It argues that the order held that its cross-claim for indemnification and/or contribution against Terzano would be "reserved for adjudication," and that the matter would be set down for oral argument in the future. The NJAFI-

UA claims, therefore, that the Bergen County Clerk's Office mistakenly marked the case as closed and the trial court should have restored the case to the active list to resolve the issues of indemnification and contribution against Terzano raised by the cross-claim against Terzano in accord with the prior court order. We agree.

The trial court's January 28, 1994 order did not dispose of all issues in this case. By its title and terms, the order explicitly reserved the NJAFIUA's indemnification and/or contribution cross-claim against Terzano for further adjudication. The issues raised by the cross-claim had not been resolved when the case was marked closed. Moreover, the October 27, 1995 order also left unresolved the NJAFIUA's motion to revise the January 28, 1994 order. In fact, the trial court, both in its letter of June 12, 1995 and its order of October 27, 1995, expressly stated that the NJAFIUA's motion would be set down for oral argument and decided at a later date. This too was not done.

Consequently, the order dated February 5, 1996, denying the NJAFIUA's motion to restore this matter to the active trial list must be reversed and the matter restored to the active trial list for further proceedings, including reconsideration of the NJAFIUA's motion for revision of the January 28, 1994 order which reformed plaintiff's insurance policy to increase the limits of the UM/UIM coverage. On remand, the trial court must reconsider the NJAFIUA's motion for revision in light of *Strube v. Travelers Indem. Co. of Ill., supra,* which construed *N.J.S.A.* 17:28–1.9 to be retroactive, and, if necessary, also evaluate the NJAFIUA's cross-claim against Terzano for indemnification and contribution.

### III.

Accordingly, we affirm the summary judgment of the Law Division, dated September 20, 1993, which found that Terzano was an agent of the NJAFIUA, and reverse the order, dated February 5, 1996, that denied the NJAFIUA's motion to restore this matter to the active trial list. We remand the matter to the trial court for

further proceedings consistent with our opinion. We do not retain jurisdiction.